# THORPE *vs.* SUGHI.

[ACTION TO RECOVER RENT.]

1. *Admissibility of parol evidence to explain terms of written lease.*—In an action between landlord and tenant, parol evidence is not admissible, to show that the words, "the said house is to be furnished with gas," as used in the written lease, meant that the landlord should supply gas-fixtures, and not that he should pay for the gas consumed in the house.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. MUDD.

THIS action was brought by Edward R. Thorpe, against Mrs. Hannah Sughi, to recover $150 for the rent of a dwelling-house in the city of Mobile, from the 1st November, 1856, to the 1st February, 1857. The defendant pleaded, "in short by consent," the general issue, payment, tender, and set-off; and issue was joined on all these pleas. It appeared on the trial, that the plaintiff had leased the house to the defendant, for one year from the 1st November, 1855, at an annual rent of $600, payable quarterly. The lease contained a provision in these words: "The said house is to be furnished with gas, and painted all over to the satisfaction of Mrs. Sughi; and she has the privilege to retain the said house, at the same rent yearly, for as many years as she may wish." Mrs. Sughi paid the entire rent for the first year under this lease, "without having demanded anything from the plaintiff for gas;" and she continued to occupy the premises, after the expiration of the year, under the terms and stipulations of the lease.

"On the trial, the defendant pleaded a set-off to a portion of the plaintiff's claim, and a tender of the balance. The account consisted of a gas-bill for $60 75, paid by the defendant for gas burned by her in the house from the time of her original renting up to the 1st February, 1857. The plaintiff objected to allowing this set-off,

Thorpe v. Sughi.

because (1st) it was not the intention of the parties, at the time of the original renting, that the plaintiff should furnish the house with gas, but only with gas-fixtures; and because (2dly) the defendant not having demanded of the plaintiff any sum for gas during the first year of her tenancy, but having paid it herself, it would not be allowable for her to make any other defense to this action than she could have made if sued for the rent due for the first year. In support of the first ground of objection, the plaintiff offered one James Burns, who had been employed as the agent and manager of the gas-company in the city of Mobile, as a witness to prove that, between landlord and tenant, the term, 'to furnish the house with gas,' as used in a lease, without any word of explanation, was always understood, so far as he knew, to mean that the landlord was to introduce gas-fixtures only, and leave the tenant to make his own arrangements with the gas-company for a supply of gas; that for the last twenty years he had known words of this character to be used by landlords in leases, without its having ever been contended that they were liable for the gas itself. The defendant objected to each portion of this evidence, and the court sustained the objection; to which the plaintiff excepted."

"As circumstances to show that the parties did not intend that the plaintiff should furnish the house with gas, but only with gas-fixtures, the plaintiff offered to prove, that the premises in question, prior to the renting to the defendant, were rented for $550 annually; that he added to the premises, before the defendant took possession under her lease, an additional piece of land, and four or five rooms, and painted the house inside and out, and placed an iron verandah in front of the house, and introduced gas-fixtures at a cost of $170, and furnished the house with costly chandeliers. To all this evidence the defendant objected, and the court sustained the objection; whereupon the plaintiff again excepted."

The rulings of the court on the evidence are now assigned as error.

C. F. MOULTON, for the appellant.

F. S. BLOUNT, *contra*.

STONE, J.—On the authority of Barlow v. Lambert, 28 Ala. 704, and Smith & Holt v. Mobile Navigation and Mutual Insurance Co., 30 Ala. 167, the judgment of the circuit court in this case is affirmed.

---

## COOPER'S ADM'RS *vs.* TILLMAN'S ADM'R.

[ACTION AT LAW BY PERSONAL REPRESENTATIVE OF DECEASED ADMINISTRATOR AGAINST ADMINISTRATOR DE BONIS NON.]

1. *Action does not lie by trustee against trust estate.*—The personal representative of a deceased administrator cannot maintain an action at law against a succeeding administrator *de bonis non* of the first intestate, to recover reimbursement for moneys paid out to an attorney-at-law on account of professional services rendered in and about the business of the administration, or to charge the estate with the payment of such services.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. S. D. HALE.

THIS action was brought by the administrators of George Tillman, deceased, against the administrators *de bonis non* of Campbell Cooper, deceased, to recover "two hundred dollars due by account, for money paid on the 1st March, 1855, on account for the benefit of the estate of said Cooper, with interest thereon." The defendants pleaded, "in short by consent, 1st, that this court has no jurisdiction of the case, but the matter in controversy should have been determined and settled in the probate court; 2d, *non assumpsit;* 3d, payment; 4th, set-off; and 5th, the statute of limitations." The plaintiffs moved to strike out the first plea, and took issue on the others; but the record does not show what the action of the court on the motion was. The facts of the case, as disclosed on the trial, are thus stated in the bill of exceptions.